## CARTER *v.* VIRGINIA-CAROLINA CHEMICAL COMPANY.

1. Where a new trial is ordered unless the plaintiff in fi. fa. reduce the quantum of the defendant's estate in the property condemned as subject to a certain amount, and this is done, a new trial will not be granted where it appears that the defendant's estate in the land, as fixed in the modified judgment, is at least that great.

2. The evidence objected to was not inadmissible for the reasons assigned.

> DECEMBER 18, 1915.

Claim. Before Judge Larsen. Johnson superior court. December 31, 1914.

*B. B. Blount,* for plaintiff in error.

*Faircloth & Claxton,* contra.

EVANS, P. J. 1. A fi. fa. in favor of the Virginia-Carolina Chemical Company, transferee of the Continental Trust Company, against S. M. Johnson, was levied upon a tract of land containing 200 acres. Mrs. Annie E. Carter filed a claim to the southern part of the tract, containing 125 acres, specifically described in her claim. The jury returned a verdict subjecting a seventeen-

twentieths interest in the land claimed to the lien of the judgment. The claimant made a motion for a new trial. On consideration of the motion the court adjudged that under the evidence a smaller fractional undivided interest in the land was subject to levy and sale, and that if the plaintiff would write off from the verdict and judgment the difference between this fractional part and that found by the jury (which was done) a new trial would be refused. The defendant in fi. fa. and the claimant traced their title from a common source. There were many conveyances, most of them being to fractional interests in the land; and, after carefully considering the evidence, we do not think that the claimant has cause for complaint as to the quantum of the estate the court held that the defendant had in the property.

2. The former owner of the land conveyed it to Mrs. B. Elmer Walker and her children. The tract contained 200 acres. Mrs. Walker mortgaged the northern part of the tract, containing 100 acres, to Malcolm McLean & Company. They obtained a common-law judgment, and caused execution to be levied upon the land described in the mortgage. To this levy A. A. Walker, as next friend of Annie E. Carter et al., filed a claim; and a verdict was rendered finding the land subject to the fi. fa., and judgment was entered thereon. The mortgage and a transcript of the claim proceeding were introduced in evidence, over objection of the claimant. The objection to the mortgage was on the ground that Mrs. Walker owned only a one-fifth interest in the land mortgaged. Clearly this objection was not good. The objection to the transcript of the claim proceeding was because A. A. Walker was not authorized to act as next friend of the claimant. Mrs. Carter, the claimant, was a daughter of A. A. Walker, and one of the children of the defendant in fi. fa. The record does not disclose her age. The claim was filed in 1894. For aught that appears in the record she may have been a minor at that time. Furthermore, the objection is to the want of authority of her father to act as her next friend. There is no suggestion in the record of lack of authority, or want of good faith of the father in filing the claim in behalf of his daughter; and the court did not err in overruling that objection.

*Judgment affirmed. All the Justices concur.*